UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| NANCY LUGO,<br><br>　　Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA and CORRECTIONS OFFICER CORLIS MICHAEL RANEW,<br><br>　　Defendants. | CIVIL ACTION<br><br>Case No. 4:14-cv-262 |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff sues Defendants and alleges as follows:

### Jurisdiction

1. This Court has jurisdiction of this civil action under 28 U.S.C. §§1331 and 1346 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1972) and 28 U.S.C. §2671, et. seq., Federal Tort Claims Act.

2. Plaintiff filed a claim under the Federal Tort Claims Act June 5, 2013 (attached as Exhibit A), which claim was responded to without action December 5, 2013 (attached as Exhibit B).

3. Plaintiff has exhausted her administrative and obtained the relief that the administrative remedies could afford.

4. Plaintiff has otherwise performed all acts precedent to bringing this suit or such acts have been waived.

## Parties

5. At all times material hereto, Plaintiff NANCY LUGO was a federal prisoner confined in FCI Tallahassee, in Tallahassee, Florida, which facility is within the Northern District of Florida.

6. At all times material hereto, Defendant CORLIS MICHAEL RANEW was a correctional officer at FCI Tallahassee, which facility is within the Northern District of Florida. Defendant Ranew acted within the course and scope of his employment and under color of law.

7. At all times material hereto, Defendant UNITED STATES OF AMERICA owned and operated a corrections facility known as FCI Tallahassee and were the employers of Defendant CORLIS MICHAEL RANEW.

## Common Allegations of Fact

8. During the year 2012, Plaintiff NANCY LUGO was an inmate at FCI Tallahassee, federal corrections facility under the care and custody of that facility and was a person to whom Defendants owed a duty of care.

9. In March 2012, Defendant CORLIS MICHAEL RANEW was a corrections officer with duties that involved the care and custody of Ms. Lugo.

10. On at least three occasions in March of 2012, Defendant Ranew took advantage of his authority over Lugo to have sexual intercourse with her.

11. In the course of his abuse of Ms. Lugo, he conveyed threats to Ms. Lugo that he had the power to harm her if she failed to cooperate or reported the abuse.

12. Ms. Lugo was unable, by reason of her status as a prisoner to resist Ranew's predatory behavior and was initially afraid to report it for fear of retaliation.

13. On one occasion, Nancy Lugo was able to retrieve the condom Ranew used.

14. On another occasion, Nancy Lugo preserved semen on her underwear.

15. FCI Tallahassee Security Chief George Williams was already investigating Ranew for sexual misconduct and knew he was actively abusing inmates.

16. Williams was aware that Ranew was a sexual predator prior to his abuse of Lugo but permitted him to continue his predatory behavior.

17. During the time when Williams was aware of Ranew's predatory behavior, he took no action to protect Lugo or other inmates from Ranew.

18. When Nancy Lugo felt she had adequate evidence of the abuse against her, she came forward with the evidence of abuse.

19. Nancy Lugo exhausted the administrative procedures and received all the relief the administrative procedures could provide.

20. Defendant Ranew was arrested and convicted of sexually abusing Ms. Lugo and one other federal inmate who was abused prior to Ms. Lugo.

21. The acts of the Defendant Ranew violated Plaintiff's constitutional rights, were wrongful as a matter of both federal and Florida law and without justification under any applicable federal statute or rule.

22. Defendant Ranew was acting within the course and scope of his employment and under color of law at the time of the wrongful acts.

23. On June 5, 2013, Plaintiff served her claim in writing to the Federal Bureau of Prisons, U.S. Department of Justice, for administrative determination. (See Exhibit A, attached).

24. Plaintiff subsequently received notice in writing from Southeast Regional Counsel, dated December 5, 2013, stating that there had been no decision on the Lugo claim and requesting more time. (See Exhibit B, attached) but stating that Ms. Lugo was free to commence litigation.

## Causes of Action

### I. Cruel and Unusual Punishment (Eighth Amendment) Ranew

25. Plaintiff re-alleges the Common Allegations as if fully set forth herein.

26. Plaintiff Lugo is entitled to relief against Defendant Ranew because on three occasions he violated her Eighth Amendment rights by performing coercive sexual acts involving sexual penetration in violation of the Eighth Amendment.

27. Defendant Ranew intended to cause this harmful and offensive contact with Nancy Lugo in that the sexual acts were deliberate and in that Ranew conveyed threats to Lugo in the course of the sexual acts.

28. The rape of plaintiff by Defendant Ranew was accomplished under color of law and subjected and caused Plaintiff to be deprived of rights, privileges or immunities secured by the Eighth Amendment to the U.S. Constitution.

29. Severe and repeated sexual abuse is not part of the penalty criminal offenders pay for their offenses against society and constitutes a cognizable claim of cruel and unusual punishment under the Eighth Amendment.

30. As a result of the rape of Plaintiff by Defendant Ranew, Plaintiff suffered physical pain and trauma and invasion of her person, suffered and continues to suffer great emotional harm, anguish, insecurity, self-revulsion, damage to her self-esteem and self-worth, shame and humiliation.

WHEREFORE, Plaintiff seeks compensatory and punitive damages and costs against Defendant RANEW, and such other relief as justice may require.

## II.    Federal Tort Claims Act (Negligence) as to the United States

31. Plaintiff re-alleges the Common Allegations as if fully set forth herein.

32. Defendant, UNITED STATES OF AMERICA, having a legal duty to Plaintiff, an inmate in its care and custody, breached that duty in that it negligently operated and managed FCI Tallahassee corrections facility by:

    a. Hiring, retaining and entrusting Defendant Ranew who is, and was known or should have been known to defendants to be of such poor moral character, temperament, and disposition as to be totally unfit to be hired and retained as a corrections officer and placed in charge of the Plaintiff.

    b. Failing to adopt, incorporate and enforce such rules, regulations, policies and procedures for the operation and management of the FCI Tallahassee corrections facility as would reasonably protect Plaintiff and others detained

      or incarcerated in the corrections facility from Defendant Ranew or other corrections facility employees.

   c. Failing to properly supervise, investigate, and review the operation and management of the corrections facility and the activities and performance of Defendant Ranew as an employee.

   d. Failing in the course of its investigation of Defendant Ranew's sexual predations to protect other inmates who were being pursued by Ranew.

33. The negligence of Defendant United States of America was wrongful as a tort under the law of Florida and of the United States and without justification under any applicable state or federal statute or rule.

34. As a result of the negligence of Defendant United States of America, Plaintiff suffered physical trauma and invasion of her person, suffered and continues to suffer great emotional harm, anguish, insecurity, self-revulsion, damage to her self-esteem and self-worth, shame and humiliation.

WHEREFORE, Plaintiff seeks compensatory damages and costs against Defendant United States of America.

### III.   Federal Tort Claims Act (Battery) as to Defendant United States

35. Plaintiff re-alleges the Common Allegations as if fully set forth herein.

36. Plaintiff is entitled to relief against the United States of American because Defendant Ranew sexually battered her under the color of law as a law enforcement officer of the United States.

37. Defendant Ranew performed sexual acts on Plaintiff against her will and without her freely-given consent and such acts were wrongful as a tort under the law of Florida and of the United States and without justification under any applicable state or federal statute or rule.

38. In committing the rape, Defendant Ranew was acting within the course and scope of his employment with Defendant United States of America.

39. As a result of the rape of Plaintiff by Defendant Ranew, Plaintiff suffered physical trauma and invasion of her person, suffered and continues to suffer great emotional harm, anguish, insecurity, self-revulsion, damage to her self-esteem and self-worth, shame and humiliation.

WHEREFORE, Plaintiff seeks compensatory damages and costs against Defendant United States of America.

## **Prayer for Relief**

WHEREFORE, the Plaintiff respectfully seeks judgment as follows:

A. That the Court assume jurisdiction over this action;

B. Declare that the acts and omissions described herein violated Plaintiff's rights under the Constitution and Laws of the United States and State of Florida;

C. Compensatory damages against each of the defendants herein;

D. Punitive damages against the Individual Defendants under federal law;

E. A trial by jury on all issues so triable;

F. Such further relief as the Court deems just and proper.

Respectfully Submitted,

*s/James V. Cook*
JAMES V. COOK
Florida Bar Number 966843
Law Office of James Cook
314 West Jefferson Street
Tallahassee, FL 32301
Fax: 850 561-0836

RICHARD E. JOHNSON, ESQ.
Florida Bar Number 858323
MELISSA A. HORWITZ
Florida Bar Number 017333
Law Office of Richard E. Johnson
314 West Jefferson Street
Tallahassee, Florida 32301
(850) 425-1997; 561-0836 fax

Attorneys for Plaintiff

# CLAIM FOR DAMAGE, INJURY, OR DEATH

**INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions.

FORM APPROVED
OMB NO. 1105-0008

**1. Submit to Appropriate Federal Agency:**

Federal Bureau of Prisons
Southeast Regional Office
3800 Camp Creek Pkwy S.W., Bldg. 2000
Atlanta, GA 30331-6226

**2. Name, address of claimant, and claimant's personal representative if any.** (See instructions on reverse). Number, Street, City, State and Zip code.

Nancy Lugo, 34738-018, Care of James V. Cook, Esq.
Law Office of James Cook
314 West Jefferson Street
Tallahassee, FL 32301

**3. TYPE OF EMPLOYMENT**
☐ MILITARY  ☐ CIVILIAN

**4. DATE OF BIRTH**
10/30/1984

**5. MARITAL STATUS**
Single

**6. DATE AND DAY OF ACCIDENT**
March 2012, exact dates unk

**7. TIME (A.M. OR P.M.)**
unk.

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

See Exhibit A, Basis of Claim, attached.

**9. PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

n.a.

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

n.a.

**10. PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

See Exhibit B, Nature and Extent of Injury, attached.

**11. WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| See Exhibit C, Witnesses, attached. | |

**12.** (See instructions on reverse). **AMOUNT OF CLAIM** (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| | 5,000,000 | | 5,000,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

**13a. SIGNATURE OF CLAIMANT** (See instructions on reverse side).
/s/ Nancy Lugo

**13b. PHONE NUMBER OF PERSON SIGNING FORM**

**14. DATE OF SIGNATURE**
05/10/2013

**CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM**

The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729).

**CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS**

Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.)

Authorized for Local Reproduction
Previous Edition is not Usable
95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

**Claim for Injury by Nancy Lugo**

**Exhibit A, Basis of Claim**

On at least three occasions during March, 2012, Federal Bureau of Prisons Correctional Officer Corlis Michael Ranew, committed sexual battery on Nancy Lugo while Ms. Lugo was in the care and custody of the FBOP. Ms. Lugo retained a condom used by Mr. Ranew and DNA analysis confirmed that Ranew was the source of the semen in the condom.  Mr. Ranew extorted compliance with the sexual acts by threats and coercion. Administrators at the Bureau of Prisons were aware that Mr. Ranew had been extorting sex from inmates for several months prior to the time of her injury and did nothing to prevent the injury to her from occurring. After Ms. Lugo reported the wrongful acts, she was placed in harsh and punitive conditions of confinement, severely limited in showers and clean clothing, phone calls, and writing supplies. She was abused and threatened by corrections officers and by other inmates with the acquiescence and encouragement of corrections officers as a result of having complained of the sexual abuse by Mr. Ranew. The sexual abuse of Nancy Lugo was part of a pattern of abuse that has taken place at FCI Tallahassee over many years that has been tolerated and condoned by the administration and security agency of the Federal Bureau of Prisons with scattered and ineffective efforts to supervise and control the officers responsible.

**Exhibit B, Extent of Injury**

Ms. Lugo has suffered physical pain, anxiety, depression, fear, humiliation, loss of opportunities for family contact, strain in family relationships, oppressive conditions of incarceration. Ms. Lugo has also suffered severe retaliation by staff and inmates even after being transferred.

**Exhibit C, Witnesses**

George Williams, Security, FCI Tallahassee, 501 Capital Circle, NE, Tallahassee, FL 32301

Special Agent Van Nimwegen, Atlanta, GA

Corlis Ranew, 7886 Sale Street, Sneads, FL 32460



**U.S. Department of Justice**
Federal Bureau of Prisons
*Consolidated Legal Center*

c/o Southeast Regional Counsel's Office
3800 Camp Creek Parkway, SW
Building 2000
Atlanta, GA 30331-6226

December 5, 2013

Law Office of James V. Cook
314 West Jefferson Street
Tallahassee, FL 32301

Re:   Administrative Tort Claim Number TRT-SER-2013-05481
      Lugo, Nancy – Reg. No. 34738-018

Dear Mr. Cook:

The above-referenced claim is currently pending a determination by the Bureau of Prisons (BOP). In our letter dated June 12, 2013, we advised you that the BOP is afforded six months from the date the claim is receipted to make a determination and that you should expect an answer to your claim on or before December 5, 2013. We are actively working on thoroughly reviewing your claim, but due to the nature of your client's allegations, we need more than six months to evaluate and adjudicate this matter.

You will receive our written adjudication once a determination regarding this claim is made. Under the provisions of 28 U.S.C. § 2675, you can elect to file a court case after December 5, 2013; however, under this provision, you will not forfeit your right to file suit by waiting for the BOP's determination letter because your deadline under this statute for filing a court case is six months from the date BOP mails your determination letter. We hope you will provide us the additional time to finish our investigation and provide a responsive adjudication letter.

Sincerely,

R. De Aguiar
Supervisory Attorney